Please call the case. Case number 11-3678, Bank National Association v. Michael Luckett, NL. Thank you. Good morning, your honors. Good morning. My name is Raymond Barbosa, counsel for the appellants. This is an action of forcible entry and detainer. This is an action under section 1701 of the Illinois Mortgage Foreclosure Act, dealing with rights of possessions of occupants who are not parties to a foreclosure action. Why should you seriously consider this case? There's no money involved. We believe that you should seriously consider this case because the constitutional right, what's at stake here is the constitutional rights of due process of my clients. This action started when the counsel for plaintiff, Friedman Anselmo, mailed some notices to my clients on January 2011. Subsequently, they served those notices in April 2011. In July of 2011, they filed a complaint and they had a service, they arranged for service of process. In the exhibits to that complaint, there was an order approving the sale, but there was no mention of a successful bidder. Later on, Attorney Brian Hughes of Friedman Anselmo admitted that no entity even existed in the name of Bank National Association. He searched the FDI list. We later confirmed that when we looked at the Office of Control of Currency. That's sort of my first of many questions here. The plaintiff, if you're going to use the full title, we'll say it's U.S. Bank, but U.S. Bank isn't the real party in interest. They're acting as a trustee for someone else, which is Credit Suisse, right? Going to your point, the actual name of the plaintiff is U.S. Bank National Association that was filed as trustee for Credit Suisse First Boston Heat 2005-05. We know that. So the difference in name is a difference in the name of the trustee as opposed to a difference in the name of the principal, which is Credit Suisse First Boston Heat 2005-05. Does that make a difference? First of all, in our research and what we said in our reply brief, the actual Credit Suisse First Boston Heat 2005-05 doesn't even exist. That entity does not exist. The actual name of the entity is Home Equity Asset Trust 2005-05. Is that demonstrated in the record somehow? No. We later researched that to try to find out what the actual name of this entity was. So does that make a difference? That does make a difference because we have Bank National Association, which never existed, and we have Credit Suisse First Boston Heat 2005-05 that never existed. So we have two entities here that never existed. And so on October 31st, 2011, when Judge Kaplan issued the order of possession, neither one of these parties had the right to possess because these entities never even existed. But is there anything in the record that demonstrates that the case was brought by an imposter pretending to own the property, rather than the entity that truly did buy the property at the sale? Well, at the time... And keep in mind, the record is not favorable to you because your clients were served and then didn't show up for the trial. And we have no transcript of the trial. There was nothing that was done... How do you know that? Were you there? Was somebody there that was monitoring it for your clients? Yes. They were there on October 31st before Judge Kaplan. They were. And there's nothing in the record that even says that Judge Kaplan even looked at the ownership of this property. And at that point in time, there was nothing in the record as of October 31st that even showed who was the actual owner. There was an exhibit to that document to the complaint, but that was just an order approving the sale. It didn't say who the successful bidder was. Now you're really throwing me because you're telling me that your clients were at the trial on October... No, I just said my clients. I said an attorney was at the... An attorney representing Luckin and Wilson was at the trial on October 31st. Correct. But then isn't the motion that you filed was filed after that, wasn't it? Yeah, we filed a motion on November 4th. That's what I thought, because there's nothing in terms of paper in the record that says your clients ever did anything before the motion that your firm filed. Correct? There's no appearance. Well, we filed... I was before the court in September of 2011, and I asked for a continuance because there was another case involving this property. And they gave granted us the continuance. Even though you had no appearance on file? Right. Okay. So I did appear in September of 2011. And it's the same thing because it was another case. We just said, well, let this other case be decided first. All right. This leads to the next question. We have a trial on October 31st. We have no record of what happened at the trial, other than there was an order that was entered in the conclusion of the trial. You then file a motion. The notice of motion starts out saying it's a motion to quash, but there's nothing about quashing anywhere in the motion. In fact, the notice doesn't even match the motion. And the motion that was then filed says it's a motion to dismiss for lack of jurisdiction. How can you file a motion to dismiss on a case that has already gone through a trial? Well, I don't believe it was through a trial on October 31st. I'm sure it was a quick trial, but it was a trial that disposed of the entire case. Well, we were saying that Judge Kaplan didn't lack subject matter jurisdiction and the parties didn't have standing at that point in time. And that's what we filed with Judge Kaplan. But how can you do that five days after the trial is over? Well, we're basically going in there to try to correct the situation. Okay. I wasn't at the trial or whatever on October 31st. That's the point. But procedurally, Mr. Barbosa, how does that work procedurally? That's what Justice DuLard is asking. How do you file a motion to dismiss a case that's already been tried to conclusion? Procedurally, how does that work? What do we do with that? I mean, we have to write something, an opinion, and what we're trying to get you to do is procedurally lay out a procedural line for us that makes sense that we can follow. And I'm trying to understand how you file a motion to dismiss a case that's already been tried to conclusion, albeit, as you say, a very quick or summary trial, a trial nevertheless. So procedurally, how does that work? To be frank, I really don't know how that works. I just know I wasn't there, so I don't know exactly what it is. But you're the only one here representing these people, so I'm asking you. I understand, and that's why we went in and went for the motion to dismiss for lack of standing, trying to correct the situation that occurred on October 31st. Let me ask you another question that's related. What is the standard of review, as you see it? What is the standard of review that we should be applying? The standard of review? I mean, we have five different points that we're looking at. For the one that we're discussing right now, what is the standard of review that you think this court should apply? In terms of the motion to dismiss? I need some clarification. Well, you filed a motion to dismiss a case that was already tried to conclusion. What is the standard of review that we should have used to address that? I mean, I believe that our motion, that motion to dismiss should be actually reviewed by the court. Oh, I know. Well, that's what you're asking us to do. Right. But what is the standard of review that we should apply in order to resolve that question? That's what I'm asking. Frankly, I can't answer that question. Okay. But in any event, let me go back. I wanted to reserve four minutes for rebuttal in any event. And so we filed a motion to dismiss, and then on November 17th, we went before Judge Scully, and Judge Scully, because of lack of subject matter jurisdiction, he brushed off the matter, and he ordered, he dismissed our motion to dismiss, and then at that point, when counsel for plaintiff understood that we were going after the fact that it was Bank National Association as opposed to U.S. Bank National, they asked for a motion to amend in standard. The judge denied that motion and said, I want you to file a motion to amend, and I want you to file a motion to amend and fully brief it, which we did. The plaintiff, counsel for plaintiff filed a motion to amend, and we filed a response. They filed a motion to amend, spoke num pro temp, based on a scrivener's error. It was heard before on December 14th. The judge then also, you know, asked me what was the prejudice to my clients. I said, these are two elderly people. They're going to be tossed out of their home. How are they at the home? Are they paying a lease of some sort? And if so, to whom? No, they're in the home because they're living with the owner of the home. No, the owner of the home is Credit Suisse. No, excuse me. They're living with the person who had the mortgage with the bank. Okay. Named Jean Pratt Baccarin. All right. And so, this is her elderly mother and her elderly husband. So that's how they live in the home. And their daughter's interest in the property has been erased by virtue of a court order from several years ago and an appellate court decision that another panel has entered. Right, which we're looking to appeal, especially because of the fact that Credit Suisse v. Boston 2005-5 doesn't even exist. But there's nothing, you just admitted 10 minutes ago, there's nothing in the record that demonstrates that. You found that, you supposedly found that out later on. Right. And we supply that in our reply. But it's not in the record. You know, all we can consider is. No, I understand that. I mean, we understand that. But, sir, what are we to do with that in terms of our analysis if it's not in the record? I mean, we're constrained by all kinds of rules, as you probably know. And if it's not in the record, we can't consider it. I mean, if you append it to your brief, that's interesting, but it's really, it's not really relevant. Yes, but what we're dealing with, Your Honor, is not only Credit Suisse. We're dealing with, was there an entity called Bank National Association as trustee for Credit Suisse v. Boston? 2005. You want to deal with that. There was never an entity called Bank National Association as trustee for Credit Suisse v. Boston. So you're basically attacking jurisdiction, and you're saying that you can attack that at any time, regardless of what's in the record, because the trial court didn't have jurisdiction. Is that what your argument is? One of our arguments is that they didn't have jurisdiction. The other argument. Well, how can the court not have jurisdiction? Is the land in Cook County? Yes. And were your clients served with process for the M1 case? They were served with process, but it was the wrong entity. That's not a jurisdictional issue. That's a misnomer. That's what they're saying. That's what they're saying. How is this not a misnomer that can be corrected? Because they never argued misnomer. As you said, there's nothing in the record that says that this was a misnomer. The only thing they argued was Scrivener's error. And as a matter of fact, respect to Illinois, there's no case that deals with Scrivener's error as a misnomer for any parties. How else do misnomers come into creation other than by somebody writing down the wrong name? Yeah, but when you deal with a Scrivener's error, you normally deal with one circumstance. It is not nine months of documents, and then all of a sudden you say, okay, this is a Scrivener's error every single document for nine months. We're also dealing with the statutory rights of our clients. The statutory rights is a strict statutory compliance. And that strict statutory compliance requires the original notice of intent to be served on them by the proper party. Let me ask another question that's kind of off in a different direction, but it's fundamental what's going on. Who's paying the mortgage at this time? When was the last time anybody paid anything to whoever the entity is that owns this property now, whether it's Credit Suisse or some other entity? When was the last time anybody got paid anything for this property? I don't recall, but I believe they stopped paying once we filed an action against the bank. So that was a couple of years ago. Correct. Okay. And basically we had tried to get a loan modification. I mean, if we go to the underlying facts of that case, it was – I just want to advance to that narrow question. Okay. But going back to the – you know, we basically argued in our case was that they never served proper service of the notice. That was my question. Right. The whole issue of serving tenants with the special notice is a relatively new statute that came into force after actually I started serving in foreclosure court, which is in 07. All right. Is there any provision in that statute that requires the notice to have the name of the party making the demand for possession? I'm not – I'm not – I'm not – Because I couldn't find anything. I couldn't find anything. It doesn't say it has to have the name. Right. No, I mean, I'm going to say I'm not familiar with that. I just know that there's some statutory prerequisites in terms of filing a complaint. And one of that is a notice. And the notice was done by Bank National. I mean, so that's the first – It was actually done by the Freedman Law Firm, right? Freedman Law Firm on behalf of Bank National Association. And then the complaint was filed by the Freedman Law Firm in – excuse me, in July on behalf of the Freedman – I mean, on Bank National Association by the Freedman Law Firm. And, you know, and what we said is that they could never – the Bank National Association, as trustee for Credit Suisse, first boss in HEAT, 2005-5, could never prove that they had the right to possession. You know, especially at the time when Judge Kaplan issued that decision. Isn't it a fact that the foreclosure order entered, I think by Judge Griffin maybe, all right, that was at issue in the Berberican case, that there's an order of possession, an order of confirmation of sale, all right, entered in that case that says U.S. Bank is now the owner. It took title, or am I wrong on that? In that case, yes, it did take title. But at the time it went before Judge Kaplan, there was nothing that showed – the only thing was an exhibit that said an order proving the sale. It didn't show that the property was transferred to U.S. Bank, I mean, at that point in time. But you don't really – we don't really know. If we go back to the lack of records, that may have been the only thing attached to the complaint. But we don't know what other documents, if any, were shown to the judge to establish ownership of the property after the sale. You know, as far as my discussions with the other attorneys, there was nothing that was shown. And at the only time there was anything ever shown was in December when they filed their motion to amend where they supposedly attached as Exhibit D the actual successful bidder document. And in that document – and that document was never even shown before Judge Scully because they never presented a courtesy copy, and they never even submitted those documents to us. The only way we found it was after three motions to compel to get the entire record. But in essence, you were familiar with those documents. Were you not involved in the foreclosure? Yes. We were, you know. But at that point, Judge Kaplan was not familiar with any of these documents, and he basically made a decision based on – Did you bring a motion before Judge Kaplan asking to amend whatever pleadings or documents had been submitted in the trial court so that he could become familiar with it? Because basically you're arguing here documents that Judge Kaplan never saw. And, you know, in the annals of appellate procedure, that's unheard of. We can't consider any of that because the trial judge never got a chance to see it. You know that. I mean, we're constrained by all kinds of rules. So was there any thought given to seeking an amendment before Judge Kaplan so that he could look at these documents that you now claim are crucial that he never saw? Well, the documents that we now see as crucial are documents we just recently found. And maybe we have to go again. But the actual judge in this case was really Judge Scully, and Judge Kaplan just entered into the case for that one time. But basically we had always been dealing with Judge Scully. But in terms of going back, you know, we're considering how to approach this because of the fact that this entity does not even exist. I mean, I understand it's not in the record. At the time of the trial on Halloween on October 31st, had you filed an answer on behalf of your clients? No. At that point in time, we basically did not file an answer. We were more focused on the foreclosure action at that point in time. So how do we get around the problem that the case was tried with no answer and therefore everything was forfeited and waived by your clients? All these potential issues are sort of down the drain because they didn't answer. Maybe they went through some kind of a trial, but there was no answer, which means they've admitted everything in the complaint. Yeah, but I don't know if there was a trial. I mean, again, I don't know what actually happened on that day, to be honest with you. But aren't you supposed to find that out before you come to the appellate court? I mean, what do we do with this? It goes back to my original question. Procedurally, what is the standard of review that we apply to something like this where you're basically saying, well, I don't know if there was a trial, but something happened, so rule in my favor. I mean, that's what you're telling us, and what do we do with that? Okay, we had the record. We reviewed the record, and there's nothing in the record that deals with what happened other than the order that was issued by Judge Scully, which was written by the freedman himself. So basically... Well, I think we're talking about Judge Kaplan's order, correct? Right. Yes, if you look at the order, they had that the enforcement of the judgment would stay until November 3, 2011, 7, 2011, and that's why we filed a motion to dismiss within that period of time for lack of subject matter jurisdiction. And so even though the order was there, the item in number three, enforcement of judgment, stayed until November 7. And so we filed a motion to dismiss on, I believe, November 4. I mean, the other issue we have in this case is whether the judge had properly ordered the judgment, the complaint, and the order of possession to be amended November 2. Now, on that issue, Section 401B of the Code of Civil Procedure specifically says that misnomer is not a ground to dismiss a case, but can be corrected any time before or after judgment. So if we assume 401B applies here, how do we reverse the judge's decision? Well, okay. The first point is we don't believe 401B applies here. They never raised 401B in their motion to amend. I mean, if the judge was going to order based on misnomer, he would have done that in November when he had the case before them. They asked them to amend, and they asked to amend based on a scrivener's error. So it was never just a one-time thing. I believe, again, I don't believe that this Court has ever even considered scrivener's errors with respect to a 401B motion. Isn't that what the Musburger case was considered? I mean, most of those cases are dealing with defendants. We're not dealing with misnomers of plaintiffs. Well, Musburger was a plaintiff. So was Bristow, which was cited by the parties. Okay. But most of those cases dealt with existing – those cases dealt with actual parties. There were two potentially existing parties. In our case, we have a nonexistent entity. The nonexistent entity was this National Bank Association. So you're trying to convert an existing entity into a – convert a nonexistent entity into an existing entity through this 401B. But we were dealing with the non-punctunct, and basically in the Beck case, you know, the standard of review, I mean, in that case, you know, it talks about you can't correct the judgment to alter the actual judgment, you know. And also, you can't supply omitted judicial action, correct judicial errors, or cure jurisdictional defects. And basically, they had – you know, the point was Judge Kaplan made an error in not having his – excuse me – Judge Kaplan made an error by not finding that there was somebody who had the possession. And what they're trying to do in this case is to end up putting a party that supposedly in the record exists in the place of somebody, a nonexistent person, and to actually change the decision in that case. So – Please wrap up your remarks, Mr. Barbosa. Your time's up. Okay. I reserved the four minutes for rebuttal. And – Any other questions? Thank you. Okay. Thank you, Mr. Barbosa. Thank you. Good morning, Your Honors. May it please the Court. My name is Simon Fleischman. I represent the appellee. This appeal hopefully marks the end of a long judicial process concerning a residential mortgage loan that went into default six years ago. That's when the last payment was made on this loan. It was February 2007, six years ago. The foreclosure was completed more than three years ago. And the eviction order that we're talking about this morning was entered more than one year ago. The foreclosure judgment – Are the people still living in the house? To my knowledge, yes. Has the plaintiff placed the matter for – actually, Ms. Probarcon, is she still at the house? I don't know the answer to that question. Frankly, during the pendency of this year-long appeal, my client has voluntarily withheld the enforcement of its eviction order, even though there's no stay of execution in place. So as I stand here, I don't know whether the former borrower or relatives are in the property right now. But, you know, as mentioned, the foreclosure judgment was recently affirmed by this Court, and on this appeal we turn toward the eviction. The appellants here claim no rights in the property. They've purported to assert no substantive defenses to the eviction. Instead, this appeal is about an entirely correctable spelling error in the plaintiff's name. As we heard, the eviction papers referred to the plaintiff as Bank National Association, as trustee for Credit Suisse First Boston HEAT 2000-5, when it should have been identified as U.S. Bank National Association, as trustee for Credit Suisse First Boston HEAT 2000-5. A reference was made just now to the name of the trust is really Credit Suisse First Boston Home Equity Asset Trust HEAT 2000-5. We use the acronym HEAT instead of the full written-out Home Equity Asset Trust. There's no reason to think that makes any difference here. So you're saying that this whole misnomer or scrivener's error argument is just contrived and it doesn't exist. So everything that your opponent is arguing is just manufactured out of old cloth? I mean, what exactly are you saying? I believe that the appellant's entire position is wrong. The legislature anticipated this very situation when they enacted the misnomer statute. That allows the trial court to correct the party's name before or after judgment on any terms that it finds appropriate. That is very broad discretion, and it was appropriately exercised here. The key question in misnomer cases is whether the actual party is in fact before the court as opposed to some unintended third party who is there as a result of some mistaken identity. So does the entity National Bank Association is trustee for Credit Suisse First Boston HEAT 2005-5, does that entity exist? No, that does not exist. The plaintiff is in the party that was before the court is U.S. Bank National Association as trustee. And when was U.S. Bank Association as trustee substituted for this plaintiff, National Bank Association, blah, blah, blah, blah, that I just read? When did that substitution take place and by what vehicle? Yeah, sure. It was corrected on a motion to amend, which the cases tell us is the appropriate way to bring a misnomer before the court. It was post-judgment, which is directly compliant with the statute. Post-judgment? So you didn't know the name of your client until after the trial was over? The misnomer was not called to anybody's attention until after the trial was over. That's correct. And, again, that's allowable under the misnomer statute. Oh, I know it's allowable, but you're representing, as you pointed out, this went on for years and years, and during the pendency of all these years, nobody recognized that the plaintiff was the wrong plaintiff? Oh, no, the plaintiff misnomer only appears in a very defined sliver of this case. The foreclosure case to which the eviction was supplementary correctly identified the plaintiff at all times. Mr. Fleischman? We talked a lot about misnomer and 401B. That only gets us so far. You still have the issue of the pre-eviction notice, which is required by statute. That was sent out by the Friedman Law Firm. I mentioned a moment ago that the statute doesn't specifically say you have to have the name of the party that's making the claim, but you can easily infer it. And the notice, of course, we know has the wrong name. How do we get around that problem as well? Right. Your Honor, the pre-filing notices is part of the same statutory framework under which the complaint in an eviction case is filed. And the trial court is provided with broad discretion to correct a misnomer for all purposes. And so in this case, by correcting a misnomer properly and by amendment, it would undermine the purpose of the misnomer statute to say that when we're dealing with an entire statutory process, the correction of the misnomer only goes so far. It should apply for all purposes, especially in light of the fact that an eviction is supplemental to a foreclosure. So it's arguably part of an entire process. Well, this is a little bit a problem of the plaintiff's own making, because you just used the word supplemental to. The U.S. Bank could have gone before the foreclosure judge on a supplemental petition for possession, but the banks always choose not to do that. They choose to file brand new cases in M1, which is where the disconnect was here. Well, you know, I looked at this on the confirmation order, and I believe that the confirmation order directs the party to file a new action for anybody not named in the foreclosure. So I believe that procedurally, that's why that occurred. But for your question about the prefiling notices, you know, it's all part of the same statutory framework, and so I think the misnomer ought to apply for all purposes. And that's consistent, I believe, with the Manning-Bristow case. Now, that was a case, as we've already discussed, that was a plaintiff's misnomer. The plaintiff was sued in the name of Manning-Bristow Painting and Decorating Inc. instead of Manning-Bristow Doing Business as Manning-Bristow Painting and Decorating Inc. The defendant in that case says that party is nonexistent. The named plaintiff does not exist, so this whole thing is a nullity. The court said no, misnomer applies, and allowed the plaintiff to correct that for all purposes. Now, that was a claim under the Mechanics' Lien Act. The Mechanics' Lien Act is another statute that, you know, where there's strict compliance, there's prefiling notices, and in that case, the misnomer applied for all purposes. Now, I don't think that that case goes so far as to actually hold that the misnomer applied directly to a prefiling notice, but it's very close, and I think that that case supports the position that the misnomer applies for all purposes, even in the context of a strict compliance statute with prefiling requirements. And just, you know, more on misnomer to the extent you want to hear it. You know, the key question in those cases is whether the correct party is before the court as opposed to an unintended third party being, who actually exists, being in front of the court by mistake. Now, that is an especially significant question in cases dealing with a misnamed defendant because jurisdictional due process will not allow a situation where an unintended third party is named in a complaint, served with process, and summoned into court by a mistaken identity, and then, upon realizing that there was a mistake, adding the correct party, who has not received service and has not received the summons, to the case by court order under the misnomer statute rather than service of process. That raises very serious due process issues. None of those situations are before the court here. Mr. Fleischman, I have a hunch you weren't at the trial either. Right. Because your firm was not of record at the time. Correct. But do you have anything you can tell us about what actually happened at the trial? Well, all we have is the order. We have a judgment that says that the court has heard and determined the issues in the case and entered judgment and found that possession was appropriate. And, of course, we all know the default case is the Illinois Supreme Court case that directs all of us that unless there's a transcript or a bystander report of an order that was entered, we must assume that that order was properly entered. There is nothing in the record that evidences any error at the trial of this case. What about the non-protunct language in the order? I believe that the non-protunct language was helpful but not necessary. I think that at the end of the day it's really surplus. We're relying on the misnomer statute for our position. And I believe, you know, to address a point made by counsel about whether or not misnomer was at the forefront of everybody's thinking at the trial court, I believe that the circuit court judge was on target when he asked the party specifically to address whether or not there exists a third-party entity called Bank National Association. That goes directly to the question of whether or not the actual plaintiff is in front of the court under a mistaken name or whether some unintended third party that actually exists is before the court under a mistaken identity. And, of course, the parties agree that there is no such thing as a Bank National Association and there's certainly no entity known as Bank National Association as trustee for Credit Suisse v. Boston, HEAP 2000-5. And because no such entity exists, this cannot be a case of mistaken identity. It is instead misnomer. And because it's misnomer, 401B applies and it ought to apply for all purposes. So aside from the known for a tongue language, which I don't think is any error at all, perfectly appropriate but also not necessary. The trial court acted within its broad discretion under the misnomer statute. What do you believe is the standard review that we should apply here with respect to the possible reversal of the order below? Well, the order amending the correction order under the misnomer statute ought to be reviewed under an abuse of discretion standard. That's in our brief. I cite authority for that. Justice Cunningham asked about the standard of review for the motion to dismiss. I believe that is a de novo standard even though, as the justice has pointed out, procedurally that motion to dismiss is improper. First of all, it was a post-judgment motion to dismiss under 2302A. It cited lack of standing. First of all, there is no such thing as the Illinois Code of Procedure Section 2302A. It doesn't exist. And also, the stated basis for that motion asserts lack of standing. The plaintiff lacks standing to evict in that the Supreme Court told us in International Union versus the Illinois Department of Employment Security that, and Justice DeLore, you remember this from the foreclosure calendar, it's lack of standing for affirmative defense that needs to be pleaded in an answer, not raised on a motion to dismiss. It's certainly not a post-judgment motion to dismiss. And so the motion lacked any substance. And then also, and most importantly, the motion relied entirely on the misnomer of the plaintiff not having anything to do with the name of the trust, but instead the omission of U.S. in front of the U.S. Bank National Association. I think all other arguments and basis for reversal have been waived because in the motion to dismiss and in the response to the motion to amend, the only argument raised by the appellants was that the name of the plaintiff omitted U.S. from U.S. Bank National Association, and therefore there's no jurisdiction. Therefore, the whole proceeding is a nullity. Therefore, there's a lack of standing, and all of that is wrong under the misnomer statute. But other than that single argument, everything else is waived. And so you don't need to consider it. Anything else, Mr. Fleischman? No, Your Honor. I mean, just to conclude, we talked about the motion to dismiss. I don't think there was any error there. I don't see any error anywhere in the record that's been identified by the appellants. It's time to put this matter to rest. Circuit Court acted within its broad discretion in correcting misnomer by order, post-judgment, and that applies for all purposes. So this Court should affirm. Thank you very much. Thank you very much. Mr. Barbosa, brief rebuttal, please. Thank you, Your Honor. The standard for review is a de novo standard of review in this case. You know, as we said, misnomer was never raised. Actually, when we did our search, it was 3,459 bank national association cases in the Office of Comptroller's bank list. The actual we're going to find a way to raise this, but we also believe bank nationals, U.S. Bank National Association, as a trustee never even had the power to bring this action because the only person who had the power under this pooling and servicing agreement was Wells Fargo. Well, the Second District resolved that in the Baskin case for us, and that's now a published opinion. Okay. So you cannot, in Illinois at least, and we're bound by that case unless we decide to overturn it. We're bound to hold that not only the mortgagor, but people wanting to be removed from mortgagor, such as the people who are living at the property for free, have no standing to challenge violation of the PFZ. So that's been resolved by the Appellate Court of Illinois now. Okay. And it's not in the record of this case. Right, it's not in the records of the case. That's why, you know, but, I mean, the result of this is how can a court correct a document outside of the case? You know, we're talking about these notices, and we do believe that the court had no power to correct those notices, and so that's a statutory violation, and, you know, we believe that based on that, that this case should be overturned. You threw out a new issue to us when you stepped up for the first time, and when you claim, again, this is, again, not in the record, that the first Boston HEAT doesn't exist. Do you agree with what Mr. Fleischman said, that HEAT is actually an acronym for home equity something or other, which is something that you didn't track down? No. We actually talked to U.S. Bank, and the actual person handling the trust, and they were the ones that told us that the trust, that trust does not exist. So that's the information we have, going directly to U.S. Bank. I think Justice, the Lord's question is a little different. That acronym HEAT, does that stand for something that you recognize, as Mr. Fleischman tried to explain? I don't. Rather than write out the home equity, what did you say it was, Mr. Fleischman? Okay, so that was the question. The use of the acronym, as opposed to stating out the whole word, is that something that you are saying is, like, significant in terms of the name of this entity?  I mean, I don't know whether that acronym is what we're dealing with. All we know is that we spoke to the actual trustee at U.S. Bank, and they told her that that trust, as we named it, did not exist. They did not tell us that there was an acronym, that this was the same as this other entity. They told her that this was, that the properties were in another different entity. And that actually, when we looked at the SEC records, there was no existence of this holding and servicing. So you're saying whether it's home equity, asset trust, or HEAT, that entity did not exist as to being the owner of this property? But there's nothing in the record that demonstrates that, is there? That's correct. And isn't that coming awfully close to a collateral attack on the foreclosure judgment, which cannot be done in these proceedings? Well, no, I understand that, and that's why we're saying we're reviewing the whole, that's a different issue that we're looking at right now, how to go back and deal with the foreclosure judgment. But that's a totally different issue. That's not before this Court. So, you know, we need, you know, these are things that we just uncovered in the last week or two. So we've been, you know, I mean, the bottom line is. But how do we, as a court, but courts don't work like that. And sometimes it's more to impress upon lawyers that things don't work like that either. There was a trial in the foreclosure court. There was a chance to bring this up. Your other client didn't do it. There was a trial in this court. That was your chance to do it, and you didn't do it. So why are we even talking about it at this point? Well, no, I'm just raising the point that it doesn't exist. But it's not in the record, so you can't, you can't, you can't. We can't do anything about it. If it's not in the record, it doesn't exist as far as we're concerned. Please wrap up your remarks, Mr. Barbosa. Okay. Anyway, I appreciate the court taking time out to hear our appeal. In a summary of our relief, we would like to have an order vacating the Nunquinton court as null and void, reversing the trial court's denial of defendant's motion to dismiss, reversing the trial court's October 31, 2011, judgment in favor of the plaintiff, vacating the October 31, 2011, order for possession as null and void, dismissing the complaint as null and void, dismissing the entire action with prejudice, and enter judgment for costs in favor of the defendants, and order plaintiff's counsel to pay defendant's costs and expenses, including attorney's fees. We thank you for your time. Thank you. Thank you. Thank you, both sides. And this matter will be taken under advisement, and court's adjourned.